**Bert PAUL, Plaintiff,**

v.

**RAYTEX FABRICS, INC., Defendant.**

**No. 03 Civ. 10083(VM).**

United States District Court, S.D. New York.

May 17, 2004.

Bert Paul, Paramus, NJ, Pro Se.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Bert Paul ("Paul") initiated this action *pro se* against his former employer Raytex Fabrics, Inc. ("Raytex") alleging that he was wrongfully terminated in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). By letter dated April 26, 2004, Raytex informed the Court that there is a parallel state court action pending before the New York Supreme Court, New York County. *See Raytex Fabrics, Inc. v. Paul,* Index No. 600904/03

(the "state court action"). In the state court action, Raytex brought suit against Paul alleging breach of his duties for diverting business away from Raytex to a competitor. Paul answered the state court action and counterclaimed for breach of contract and violations of New York labor law based upon Raytex's alleged failure to pay Paul certain bonus monies owed to Paul. Raytex responds to Paul's counterclaims in the state court action by arguing that the circumstances of his termination precludes Paul from collecting the bonus monies at issue.

Raytex asks this Court to dismiss this action or otherwise abstain from exercising jurisdiction in this case under the factors enunciated by the United States Supreme Court in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Paul opposes Raytex's request, arguing that the *Colorado River* factors weigh in favor of exercising jurisdiction.[1]

Upon due consideration of the parties' arguments in light of the *Colorado River* factors, the Court finds that abstention is warranted in this case. It is clear that the pending state court action, initiated prior to the action at bar, involves the same parties and the same operatives facts, namely, the circumstances surrounding Paul's termination from Raytex. The Court discerns no reason why the parties in the state court action cannot properly adjudicate all of their claims arising from these facts, including Paul's ADEA action. *See* 29 U.S.C. § 626(c)(1) (stating that an aggrieved person may bring an action under the ADEA in "any court of competent jurisdiction"); *see also Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 29,

111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). Moreover, the state court action was filed approximately 9 months before this action and has progressed into discovery. For these and other reasons properly considered under *Colorado River,* the Court finds that abstention is appropriate in this case.

To ensure, however, that Paul will not be unfairly precluded from asserting federal claims that were not adjudicated, the Court will dismiss this action without prejudice pending final resolution of the state court action. Paul may re-file an action in this Court to assert any federal claims that survive the state court action.[2]

The Court is mindful that abstention in these circumstances is the exception rather than the rule. *See Colorado River,* 424 U.S. at 813, 96 S.Ct. 1236. The Court finds, however, that the factors to be considered weigh in favor of abstention in this case and that there is no reason to find that Paul cannot adequately pursue his claims in the state court action.

### ORDER

For the reasons stated, it is hereby

**ORDERED** that the present action is dismissed without prejudice pending final resolution of the parallel state court action between the parties in *Raytex Fabrics, Inc. v. Paul,* New York Supreme Court, New York County, Index No. 600904/03.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

---

**1.** Paul retained counsel to represent him after initially filing this action *pro se.*

**2.** If upon the final resolution of the state court action, Paul's ADEA claim remains un-adjudi-

cated and the applicable statute of limitations has expired, the Court would consider an application by Paul for leave to equitably toll the time period to file his claim.